**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2738 (MAS) (RLS)** |
| | AMENDED COMPLAINT AND JURY DEMAND |
| THOMAS CRABTREE, as Surviving Son and Administrator of the Estate of REATA CRABTREE, Deceased | Civil Action No.: 3:17-cv-08200 |
| Plaintiff, | |
| v. | DIRECT FILED ACTION |
| JOHNSON & JOHNSON, ET AL. | |
| Defendants. | |

**FIRST AMENDED SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL FILED PURSUANT TO COURT ORDER (ECF No. 28519)**

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the

undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1, and the Court's October 10, 2023 Order Governing Amendments to Complaints.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1. Name of individual injured due to the use of talcum powder product(s): Reata Crabtree.

2. At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of: Mount Vernon, OH.

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: ______________________________

______________________________

4. Survival and/or Wrongful Death Claims:

Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: Reata Crabtree

Ms. Reata Crabtree 5108 Norton Road Grove City, OH 43123

5. Plaintiff/Decedent was born on 8/19/1955 and died on 12/29/2020.

6. Plaintiff is filing this case in a representative capacity as the Administrator of the Estate of Reata Crabtree, having been duly appointed as the Administrator by the Probate Court of Franklin County, Ohio.

7. As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

- ☑ injury to herself
- ☑ injury to the person represented
- ☑ wrongful death
- ☑ survivorship action
- ☑ economic loss

☑ loss of services

☑ loss of consortium

☑ other: All other damages provided by wrongful death and survival statutes

**Identification of Defendants**

8. Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply)[1]:

☑ Johnson & Johnson

☑ Johnson & Johnson Consumer Inc.

☑ Imerys Talc America, Inc. ("Imerys Talc")

☑ Personal Care Products Council ("PCPC")

**Additional Defendants:**

☐ Other(s) Defendant(s) (please specify):______________________________

______________________________________________________________________

## JURISDICTION & VENUE

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

☑ Diversity of Citizenship

☐ Other (The basis of any additional ground for jurisdiction must be

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).________________________________________________________________

________________________________________________________________

**Venue:**

10. District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: United States District Court, Southern District of Ohio.

## CASE SPECIFIC FACTS

11. Plaintiff(s) currently reside(s) in (City, State): Mount Vernon, OH.

12. At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): Danville, OH.

13. The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City/State): Columbus, OH on October 2014 (date).

14. To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: 1973 and continued the use of talcum powder product(s) through about the following date:

2014
_______________________________________.

15. The Plaintiff/Decedent purchased talcum powder product(s) in the following (State(s)): Pennsylvania, Florida, Ohio.

16. Plaintiff/Decedent used the following talcum powder products:

☑ Johnson & Johnson's Baby Powder

☑ Shower to Shower

**CAUSES OF ACTION**

17. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

☑ Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

☑ Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

☑ Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

☑ Count IV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

☑ Count V: Breach of Express Warranties (Against the Johnson &

Johnson Defendants)

☑ Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

☑ Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

☑ Count VIII: Negligence (Against Imerys Talc)

☑ Count IX: Negligence (Against the Johnson & Johnson Defendants)

☑ Count X: Negligence (Against PCPC)

☑ Count XI: Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

☑ Count XII: Fraud (Against the Johnson & Johnson Defendants)

☑ Count XIII: Fraud (Against PCPC)

☑ Count XIV: Violation of State Consumer Protection Laws of the State of________________________ (Against the Johnson & Johnson Defendants).

☑ Count XV: Fraudulent Concealment (Against Imerys Talc)

☑ Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☑ Count XVII: Fraudulent Concealment (Against PCPC)

☑ Count XVIII: Civil Conspiracy (Against All Defendants)

☑ Count XIX: Loss of Consortium (Against All Defendants)

- [x] Count XX: Punitive Damages (Against All Defendants)
- [x] Count XXI: Discovery Rule and Tolling (Against All Defendants)
- [x] Count XXII: Wrongful Death (Against All Defendants)
- [x] Count XXIII: Survival Action (Against All Defendants)
- [ ] Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) include(s) additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure. ______________________________

______________________________________________

______________________________________________

______________________________________________

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

**JURY DEMAND**

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated: February 28, 2024

Respectfully Submitted by,

/s/ Patrick K. Lyons

Michelle A. Parfitt
James F. Green
Patrick K. Lyons
ASHCRAFT & GEREL, LLP
1825 K Street NW
Suite 700
Washington, DC 20006
(202) 783-6400
mparfitt@ashcraftlaw.com
jgreen@ashcraftlaw.com
plyons@ashcraftlaw.com

Counsel for Plaintiff(s)